UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

OSCAR T. RODRIGUEZ,

Defendant.

No. CR-10-72-FVS-2

ORDER DENYING MOTION TO DISMISS

**THIS MATTER** comes before the Court without oral argument based upon the defendant's "Motion to Dismiss Based Upon Speedy Trial Delay." He is represented by Douglas D. Phelps. The United States is represented by Russell E. Smoot and Lawrence H. Haskell.

**RELIEF REQUESTED**

The defendant moves to dismiss the charges that are set forth against him in the Indictment. As authority for his request, he relies upon the Interstate Agreement on Detainers. 18 U.S.C. app. 2, § 2. He argues the United States violated Article III by failing to bring him to trial within 180 days of the date upon which he requested final disposition of pending federal charges.

**BACKGROUND**

05/10/2010: An Information was filed in Spokane County

Superior Court. The defendant was detained in the Spokane County Jail.

07/08/2010: An Indictment was filed in United States District Court for the Eastern District of Washington.

07/15/2010: The United States lodged a Detainer with the defendant's custodian.

12/10/2010: The attorney representing the defendant in state court filed a motion requesting a competency evaluation.

02/11/2011: Both the Clerk of the federal court and the United States Attorney received letters from the defendant requesting speedy resolution of the pending federal charges.

03/04/2011: The United States filed a document that is entitled "United States' Notice of Defendant's Request for Writ of Habeas Corpus ad Prosequendum." The United States summarized the procedural histories of the state and federal cases. The United States noted that a competency evaluation had been requested in state court and that the defendant's competence to stand trial in state court was unresolved. The United States suggested appointing counsel to represent the

defendant in the federal case.

03/25/2011: A state judge determined the defendant was competent to stand trial.

04/21/2011: The Clerk of the federal court received a second letter from the defendant requesting speedy resolution of the federal charges.

06/07/2011: An attorney was appointed to represent the defendant in the federal case.

06/17/2011: This Court mistakenly determined the defendant was in federal custody.

07/11/2011: This Court conducted a status conference. The Court determined the defendant was not yet in federal custody.

09/07/2011: This Court conducted a second status conference. The Court again determined the defendant was not yet in federal custody.

01/12/2012: Judgment was entered against the defendant in state court based upon his plea of guilty to a state crime. He was sentenced to a term of 57 months confinement in the custody of the Washington Department of Corrections.

01/23/2012: The United States filed a "Motion for Order for Writ of Habeas Corpus ad Prosequendum."

01/23/2012: An "Order for Writ of Habeas Corpus ad Prosequendum" was issued by a federal magistrate judge.

02/03/2012: The defendant was arraigned in federal court.

04/03/2012: The defendant appeared before the Court with codefendant Abraham Rodriguez. Trial was continued until September 14, 2012 so Abraham could obtain an assessment of his competence to stand trial.

09/13/2012: The defendant again appeared before the Court with codefendant Abraham Rodriguez. A competency hearing was scheduled for October 10th. Trial was continued until December 3rd.

10/29/2012: The defendant filed a number of pretrial motions, including motions to dismiss and suppress.

11/13/2012: The defendant appeared before the Court. A suppression hearing was scheduled for December 12th. Trial was continued until January 7, 2013.

11/19/2012: The suppression hearing was continued until December 14th.

**ANALYSIS**

The defendant argues his letters of February 11 and April 21, 2011, triggered the provisions of the Interstate Agreement on

Detainers Act ("IADA"). 18 U.S.C. app. 2, § 2. The IADA consists of nine articles. *See Alabama v. Bozeman*, 533 U.S. 146, 150-51, 121 S.Ct. 2079, 150 L.Ed.2d 188 (2001) (hereinafter "*Bozeman*"). The nine articles are set forth in section 2 of Appendix 2 to Title 18 of the United States Code. The defendant principally relies upon Article III:

> Article III gives a prisoner against whom a detainer has been lodged the right to "request" a "final disposition" of the relevant charges, in which case "he shall be brought to trial within one hundred and eighty days" (unless extended by the trial court for "good cause"); otherwise, the relevant "indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." Art. III(a), (d).

*Bozeman*, 533 U.S. at 150, 121 S.Ct. 2079 (quoting parts of paragraphs (a) and (d) of Article III).

The United States argues that the right conferred by Article III is subject to limitations. According to the United States, only a person who has begun serving a prison term may invoke the right conferred by Article III. As authority, the United States cites paragraph (a), which states in pertinent part:

> **Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State**, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment . . . on the basis of which a detainer has been

> lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment . . . .

18 U.S.C. app. 2, § 2, art. III(a) (emphasis added).

In order to assess the validity of the United States' interpretation of Article III(a), it is useful to examine Article IV. Paragraph (a) states in pertinent part:

> The appropriate officer of the jurisdiction in which an untried indictment . . . is pending shall be entitled to have a prisoner against whom he has lodged a detainer **and who is serving a term of imprisonment in any party State** made available in accordance with article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the State in which the prisoner is incarcerated . . . .

18 U.S.C. app. 2, § 2, art. IV(a) (emphasis added). In some respects, Article IV(a) is the reverse of Article III(a). Whereas Article III(a) confers a right upon a prisoner against whom a detainer has been lodged, Article IV(a) confers a right upon an officer who has lodged a detainer against a prisoner.

Article IV(a) and Article III(a) contain similar language. *Compare* Art. III(a) ("[w]henever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State")

*with* Art. IV(a) ("a prisoner . . . who is serving a term of imprisonment in any party State"). Thus, it is instructive to consider the manner in which the circuit courts have interpreted Article IV(a). *Cf. United States v. Nordbrock*, 38 F.3d 440, 444 (9th Cir.1994) (as a general rule, "similar terms appearing in different sections of a statute should receive the same interpretation"). To date, courts have unanimously ruled Article IV(a) does not apply to a pretrial detainee. *United States v. Reed*, 620 F.2d 709, 711 (9th Cir.), *cert. denied*, 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980). *See also United States v. Pardue*, 363 F.3d 695, 698 (8th Cir.2004); *United States v. Wilson*, 27 F.3d 1126, 1130 (6th Cir.), *cert. denied*, 513 U.S. 976, 115 S.Ct. 452, 130 L.Ed.2d 361 (1994); *United States v. Muniz*, 1 F.3d 1018, 1025-26 (10th Cir.), *cert. denied*, 510 U.S. 1002, 114 S.Ct. 575, 126 L.Ed.2d 474 (1993). Why does Article IV(a) not apply to the pretrial detainee? Courts have relied upon two rationales. One involves policy. The purpose of the IADA is "to minimize the adverse impact of a foreign prosecution on rehabilitative programs of the confining jurisdiction. . . . [N]either a pretrial detainee nor a parole violator has a sufficient interest in the rehabilitation programs of his confining institution to justify invocation of the Act." *Reed*, 620 F.2d at 711 (internal punctuation and citations omitted). Another rationale arises from the text of the statute. By their terms, "[a]rticles III and IV apply to

prisoners who are serving a 'term of imprisonment' in a state party to the [IADA] . . . ." *Muniz*, 1 F.3d at 1026. While a pretrial detainee is in custody, he has neither been convicted of a crime nor has he begun serving a prison term. Thus, he is not serving "a term of imprisonment" within the meaning of Article IV(a). Article IV(a) does not apply to him.

What about Article III(a)? Should the phrase "entered upon a term of imprisonment in a penal or correctional institution" (Article III(a)) be interpreted differently than the phrase "serving a term of imprisonment" (Article IV(a))? The defendant has not explained why the two clauses should have different meanings, and the Court can think of no reason why Congress would have intended the two clauses to be interpreted differently. Consequently, the Court concludes Congress intended to limit Article III(a) to a prisoner who has been convicted of a crime and who has begun serving a prison term.

The Clerk of the federal court received letters from the defendant on February 11 and April 21, 2011. On those dates, he was a pretrial detainee in state court. He had not been convicted of any of the crimes with which he was then charged in state court, much less had he "entered upon a term of imprisonment in a penal or correctional institution[.]" That being the case, he could not avail himself of the protections created by the IADA. His letters of February 11th and April 21st did not trigger the right conferred by Article III(a).

Judgment was entered against the defendant in state court on January 12, 2012. A federal magistrate judge issued a writ of habeas corpus ad prosequendum on January 23rd. On February 3rd, the defendant was arraigned. He was not brought to trial within 180 days of January 12, 2012; but that is because he and his codefendant requested continuances. Article III(a) expressly permits a court to grant necessary or reasonable continuances. The first proviso of Article III(a) states, "[F]or good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." 18 U.S.C. app. 2, § 2, art. III(a). In *United States v. Collins*, 90 F.3d 1420, 1428 (9th Cir.1996), the Ninth Circuit recognized that a continuance tolls the speedy trial provisions of Article III(a) when the continuance is granted for good cause shown.

**RULING**

The defendant's motion to dismiss under the IADA is denied. Article III(a)'s 180-day deadline did not begin to run during 2011. At the earliest, it began to run on January 12, 2012, *viz.*, the date upon which judgment was entered against the defendant in state court. The defendant was arraigned in federal court on February 3, 2012. He requested his first continuance on April 3rd. The 180-day deadline has been tolled since then. Thus, on the most generous interpretation on the record, 81 days have elapsed under the IADA, *i.e.*, January 12th

to April 2nd.

**IT IS HEREBY ORDERED:**

1. The defendant's "Motion to Dismiss Based Upon Speedy Trial Delay" (**ECF No. 355**) is **denied.**

2. The period from October 29, 2012 (the date upon which the motion was filed) until December 3, 2012 (the date upon which the motion was resolved) is excluded from the computation of the defendant's speedy trial deadline. 18 U.S.C. § 3161(h)(1)(D).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 4th day of December, 2012.

s/ Fred Van Sickle
Fred Van Sickle
Senior United States District Judge